PERTH AMBOY NATIONAL BANK, APPELLANT, v. SAMUEL MAHLER, RESPONDENT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Thomas L. Hanson* (*Jacob S. Karkus,* of counsel).

For the respondent, *John C. Stockel.*

The opinion of the court was delivered by

LLOYD, J. The bank brought this action to recover the sum of $4,300 on a note given by Fass and endorsed by Mahler, reading as follows:

"$4,300.00          Perth Amboy, N. J., March 2, 1931.

One month after date I promise to pay to the order of Perth Amboy National Bank forty-three hundred 00/100 dollars at the Perth Amboy National Bank. Value received.
          No. 69689          Due 4/2          DAVID FASS."

ENDORSEMENT.

"For value received I/we guarantee the payment of the within named amount of this note and waive notice of protest and dishonor and any defenses to the same.

This guarantee shall inure to the benefit of any and all holders of this note.

SAMUEL MAHLER."

Fass did not defend, but Mahler offered evidence tending to show an agreement with the bank that in event of default recourse would first be had by the bank to certain collateral security deposited by the maker consisting of a certified check for $1,000 and twenty shares of Perth Amboy National Bank stock. To this proof objection was made that its effect was to alter the terms of the written contract. The objection was overruled, the evidence was admitted, and exception noted.

In this ruling we think there was error. In the often cited case of *Naumberg* v. *Young,* 44 *N. J. L.* 331, it was declared by the Supreme Court that "where parties have put their contract in writing, the written contract shall be the only evidence of the contract as finally concluded, and that oral testimony of what was said or done during the negotiations will not be admitted either to contradict the written contract or to supply terms with respect to which the writing is silent," and it was there said that this rule is indispensable to the security of contracting parties.

No rule of evidence has been more consistently adhered to or more deeply emphasized, as is evident from its frequent reiteration by this court, recent instances being *Cohen* v. *Cohen,* 102 *N. J. Eq.* 245, 247, and *Falkenstein* v. *Gibson,* 108 *Id.* 256, and it is applicable to negotiable instruments except as otherwise authorized by statute. *Chaddock* v. *Vanness,* 35 *N. J. L.* 517; *Zuckerman* v. *Handleman,* 2 *N. J. Mis. R.* 3.

Tested by the rule, the evidence offered was inadmissible. It tended to establish a limitation of liability wholly at

variance with the terms of the writing. Instead of a guarantee of payment of the note according to its terms, liability conditional on the utilization by the bank of securities as to which the writing was silent was substituted.

It is contended that section 68 of the Negotiable Instruments act of 1902 (page 596), which provides that "as respects one another endorsers are *prima facie* liable in the order in which they endorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise," authorizes the proof offered, and *Wilson* v. *Hendee,* 74 *N. J. L.* 640, is cited as applicable here, but neither we think is authority for the contention. Both the statute and the cited case refer to controversies between endorsers; not between maker and endorser or to payee and an irregular endorser. Here there was but one endorser, and the effect is not to show a different order of liability, but that an agreement between the maker and payee had been made creating a new and entirely different obligation from that implied in the endorsement and specifically embodied in the guarantee.

One may bind himself either as an irregular endorser, with all its implications, or in modified form under section 63 of the same act, which provides that "a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The present case develops an apt illustration of the application of the statutory provision. Mahler is an irregular endorser; his name is on the back of the note payable to the order of the bank but unendorsed by it. As endorser before delivery he would be liable as an endorser under section 63, and as guarantor this liability was modified, but only to the extent implied in the guarantee. This guarantee must speak for itself and the proof offered should not have been received.

The judgment is reversed and a *venire de novo* is awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield Wells, Kerney, JJ. 13.